## CIRCUIT COURT OF FAIRFAX COUNTY

James S. Jewell

v.

Sports USA, Inc.

July 17, 1989

Case No. (Law) 87129

By JUDGE MICHAEL P. McWEENY

This matter was taken under advisement following a one-day bench trial. Plaintiff was represented by counsel, Defendant was not represented by counsel, however, a representative of Defendant corporation was permitted to testify on behalf of the corporation. For the reasons set forth below, judgment is entered for Defendant.

On August 3, 1985, Plaintiff paid in full a promissory note for karate lessons for his son. In December of 1985, Plaintiff's son was diagnosed as suffering from Osgoods-Slatters disease and the beginning of scoliosis of the spine. Plaintiff's son was restricted by his physician from participation in any active sports in order to prevent permanent physical impairment from these conditions. Plaintiff requested a refund of approximately eighty percent of the total tuition paid. Defendant refused a refund, stating that the promissory note contained a no refund policy after seventy-two hours.

The issue presently before the Court is whether Plaintiff was entitled to unilaterally terminate a contract when physical impossibility precludes him from performing as required in the contract. This issue must be addressed in conjunction with the express language in the contract which states that the:

> Student recognizes that regular class attendance is important for student progress and understands that it is the student's responsibility to attend classes. It is further understood that student is obligated to make payments whether or not student attends classes. I further understand that failure to complete the lessons does not relieve me of my obligation to pay the tuition in full.

In *Housing Authority of the City of Bristol v. East Tennessee Light and Power Co.*, 183 Va. 64, 31 S.E.2d 273 (1944), the Virginia Supreme Court sets forth the general rule as to when impossibility of performance excuses the promisor. The Court stated:

> It is, however, fairly well settled that where impossibility is due to domestic law, to the death or illness of one who by the terms of the contract was to do the act requiring his personal performance, or to the fortuitous destruction or change in the character of something to which the contract related, or which by the terms of the contract was made a necessary means of performance, the promisor will be excused, unless he either expressly agreed in the contract to assume the risk of performance, whether possible or not, or the impossibility was due to his fault.

183 Va. at 72, 31 S.E.2d at 276.

The Fourth Circuit recently analyzed the doctrine of impossibility in *Opera Co. of Boston v. Wolftrap Foundation*, 817 F.2d 1094 (4th Cir. 1986). The court analyzed the rulings of the United States and Virginia Supreme Courts before embracing the "modern doctrine of impossibility" as set forth in the Restatement (Second) of Contracts. Section 265 of the Restatement (Second) of Contracts provides:

> Where, after a contract is made, a party's principal purpose is substantially frustrated without his fault by the occurrence of an event

the non-occurrence of which as a basic assumption in which the contract was made, his remaining duties to render performance are discharged unless the language of the circumstances indicate the contrary.

817 F.2d at 1099.

The continued physical ability of Plaintiff's son to attend these lessons would appear to be a basic assumption upon which both parties relied in making the contract. However, the language of the contract as set forth above requires the Court to conclude that Plaintiff expressly and unconditionally agreed to assume the risk of performance.

The Court concludes that impossibility of performance does not entitle Plaintiff to a partial refund of the contract price. Accordingly, judgment is entered for Defendant and this action is dismissed.